# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DORIS MARIE WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-961-L** |
| | § | |
| GEICO GENERAL INSURANCE COMPANY,[1] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Geico General Insurance Company ("Geico" or "Defendant") removed this action to federal court on April 5, 2017, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. For the reasons that follow, the court *sua sponte* **remands** this action to County Court at Law No. 3, Dallas County, Texas, for lack of subject matter jurisdiction.

**I.  Background**

Doris Marie Washington ("Ms. Washington" or "Plaintiff") originally filed this action March 24, 2017, in County Court at Law No. 3, Dallas County, Texas, against Geico. Plaintiff sued Geico for breach of contract and breach of the duty of good faith and fair dealing. She contends that Defendant failed to timely and sufficiently pay her personal injury protection benefits claim and, therefore, caused her to suffer damages. Ms. Washington seeks actual damages,

---

[1] The correct name of Defendant is "Geico General Insurance Company," and the court **directs** the clerk of court to change the docket sheet to reflect Defendant's correct name.

**Memorandum Opinion and Order – Page 1**

exemplary damages, prejudgment and postjudgment interest, court costs, attorney's fees, and any other relief to which she is entitled.

## II. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

As the court determines that complete diversity exists between the parties, it will focus on whether the amount-in-controversy requirement has been satisfied. For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish

by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Discussion

With respect to the amount in controversy, Geico contends that "Plaintiff's Original Petition alleges actual damages[] [and] seeks monetary relief of up to $100,000." Notice of Removal 3, ¶ 9. This statement is incorrect. In her pleadings, "Plaintiff seeks monetary relief under $100,000." Pl.'s Original Pet. ¶ 2.

Defendant's argument that Plaintiff alleges and seeks monetary relief up to $100,000 does nothing to establish the amount in controversy. When a party files an original pleading in a Texas state court, applicable state law requires the pleading to include one of five categories of relief sought. Tex. R. Civ. P. 47(c)(1)-(5).[2] By including such a statement in the Petition, Plaintiff was merely complying with relevant Texas law. Moreover, the category selected by Plaintiff does not establish that the amount necessarily exceeds $75,000, as the categorys he selected also includes amounts of $75,000 and below, which are less than the jurisdictional threshold. Defendant's speculation and interpretation as to the amount of specific monetary relief sought by Plaintiff do not provide the basis for establishing that the amount in controversy exceeds $75,000. Moreover, the Petition states that "Plaintiff was treated at the scene for minor injuries." Pl.'s Original Pet. ¶ 5.6. Nothing in the pleadings indicates that Plaintiff suffered injuries that are serious, require surgery, or require long-term medical care, or will cause physical impairment. From what the court can ascertain, Plaintiff suffered soft tissue injuries as a result of the accident in which she

---

[2] Rule 47(c)(1)-(5) requires, except in cases governed by the Family Code, a party to seek relief as follows:

(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
(2) monetary relief of $100,000 or less and non-monetary relief; or
(3) monetary relief over $100,000 but not more than $200,000; or
(4) monetary relief over $200,000 but not more than $1,000,000; or
(5) monetary relief over $1,000,000.

was involved on February 4, 2017. These factors do not support a finding that more likely than not the amount in controversy exceeds $75,000.

As the Petition does not state a specific amount with respect to amount in controversy and Defendant has provided the court with no "summary judgment-type" evidence to establish that the jurisdictional threshold has been satisfied, the court lacks subject matter jurisdiction over this action. Accordingly, this action must be remanded to state court.

## IV. Conclusion

For the reasons herein stated, the court concludes that Geico fails to show that more likely than not the amount in controversy exceeds $75,000. The court therefore **lacks** subject matter jurisdiction to hear this action. Accordingly, the court *sua sponte* **remands** this action to County Court at Law No. 3. The court **directs** the clerk of court to effect this remand in accordance with the usual procedure.

**It is so ordered** this 21st day of April, 2017.

Sam A. Lindsay
United States District Judge